IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-1520-BNB

LARRY GORDON,

    Applicant,

v.

ANGEL MEDINA, Warden at Limon Facility,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

    Applicant, Larry Gordon, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Gordon filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action on June 10, 2011. He filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 8, 2011. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Gordon's filings liberally because he is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Gordon will be ordered to file a second amended application.

    Mr. Gordon's allegations are difficult to understand. As background for his case, he asserts that he was "illegally searched and seized in Nebraska without probable

cause, or governors warrant, isolated, drugged, tortured, kidnapped and brought back to the State of Colorado [on] August 17, 1992, and subjected to tortured [sic], death threats for filing legal writs, civil rights actions, against Colorado government officials for poisoning petitioner . . . ." Amended Application at 2. He asserts three claims in the action. First, he alleges that his due process rights were violated because of the alleged kidnapping by state officials and his resulting torture while incarcerated. Second, he asserts that he was denied access to the court because his court-appointed attorney participated in constitutional violations against him. He also asserts that the government used secret poisons to torture him. Finally, in his third claim, he asserts that he was denied equal protection of the laws because he was "secretly poisoned, drugged, brain-washed . . . as punishment." Amended Application at 4. Other than these allegations, the amended application is vague, verbose, and confusing.

It does not appear that the instant action is correctly brought under § 2241. Mr. Gordon does not assert claims challenging the execution of his sentence, which properly are asserted in a habeas corpus action pursuant to § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Instead, Mr. Gordon appears to assert claims challenging the validity of his conviction and sentence, which are properly brought pursuant to § 2254, and claims challenging the conditions of his confinement. Mr. Gordon's claims challenging the conditions of his confinement, assuming they assert violations of his federal constitutional rights, properly may be asserted in a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Accordingly, Mr. Gordon will be ordered to file a second amended application that only challenges the validity of his conviction and sentence pursuant to § 2254. To the extent he wishes to challenge the conditions of his confinement, he may do so by initiating a separate § 1983 action.

The second amended application Mr. Gordon will be directed to file also must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases requires Mr. Gordon to go beyond notice pleading. *See **Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977). Mr. Gordon must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See **Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Applicant, Larry Gordon, **within thirty days from the date of this order**, files a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that complies with this order. It is

FURTHER ORDERED that Mr. Gordon's second amended application shall be titled, "Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Gordon, together with a copy of this order, two copies of the following form to be used in filing the second amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Gordon fails within the time allowed to file an second amended application as directed, the amended application will be denied and the action will be dismissed without further notice.

DATED July 13, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01520-BNB

Larry Gordon
Prisoner No. 53405
Limon Correctional Facility
49030 Colorado 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on July 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk