IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-1520-BNB

LARRY GORDON,

    Applicant,

v.

ANGEL MEDINA, Warden at Limon Facility, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN W. SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 5 2011

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Larry Gordon, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon Correctional Facility in Limon, Colorado. Mr. Gordon has filed a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 92-CR-1523 in the Arapahoe County District Court of Colorado.

In an order entered on August 1, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 15, 2011, Respondents filed a Pre-Answer Response. Mr. Gordon submitted a Reply on August 31, 2011.

The Court must construe liberally the Amended Application filed by Mr. Gordon because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On August 15, 1994, a jury found Mr. Gordon guilty of one count of second degree kidnapping, two counts of second degree sexual assault, one count of menacing and one count of third degree assault. Pre-Answer Resp. Ex. A at p. 19 (State Register of Actions). On January 3, 1995, the trial court sentenced Mr. Gordon to a total of forty years in the Department of Corrections. *Id.* at 12.

Mr. Gordon then filed a direct appeal to the Colorado Court of Appeals. *Id.* at 12. The appellate court dismissed the appeal on April 7, 1995, for failure to correct deficiencies in the notice of appeal. *See People v. Gordon*, No. 95CA0194 (Colo. App. April 7, 1995) (unpublished opinion) (Pre-Answer Resp. at Ex. H). Mr. Gordon petitioned the Colorado Supreme Court for certiorari review, which was denied on December 11, 1995. Pre-Answer Resp. at Ex. F. Mr. Gordon then filed a petition for certiorari review with the United States Supreme Court, which was denied on October 7, 1996. *Id.* at Ex. B.

On July 15, 1997, Mr. Gordon filed a letter that the trial court interpreted as a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). Pre-Answer Resp. at Ex. A, p. 11. The trial court appointed counsel for Mr. Gordon. The motion remained pending for several years, and was finally denied on October 24, 2000. *Id.* at 5. Mr. Gordon did not file an appeal. *Id.*

Mr. Gordon filed a motion requesting inspection of his criminal record on May 8, 2003, which the trial court denied on July 10, 2003. *Id.*

Mr. Gordon then filed the instant action, which was received by the Court on June 10, 2010. Pursuant to Magistrate Judge Boland's Order, Mr. Gordon filed the Amended Application on July 28, 2011. In the Amended Application, Mr. Gordon asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

3

> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Gordon's criminal case became final. Because Mr. Gordon filed a direct appeal, his conviction became final on October 7, 1996, the date the United States Supreme Court denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). As such, the one-year statute of limitations began to run on October 8, 1996, the next business day after the conclusion of his direct appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Gordon's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

4

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Gordon's state court action between October 8, 1996, and July 14, 1997. *See* Pre-Answer Resp. at Ex. A, p. 11. These **280 days** are counted against the one-year statute of limitations. Mr. Gordon filed a letter that the trial court construed as a Rule 35(c) motion on July 15, 1997. *See id.* This motion remained pending until it was denied by the trial court on October 24, 2000. *See id.* at 5. Mr. Gordon filed a motion for rehearing that the trial court denied on November 2, 2000. *Id.* Mr. Gordon then had 45 days, or until December 18, 2000, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA.[1] *See* Colo. App. R. 4(b). Mr. Gordon did not file an appeal.

Accordingly, the one-year limitation period began running again on December 19, 2000, and ran for **85** days until it expired on March 14, 2001, the 365th day after the limitation period began to run (**280 days + 85 days = 365 days**). Because the one-year limitation period expired before Mr. Gordon filed his next post-conviction motion on May

---

[1]The forty-fifth day after November 2, 2000, was December 17, 2000. However, December 17, 2000, was a Sunday. Therefore, the filing deadline extended until December 18, 2000. *See* C.A.R. 26(a).

8, 2003, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). The Court finds that the limitation period expired approximately nine years and two months prior to the filing of the application on June 10, 2010. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Gordon bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Gordon fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing

whether Mr. Gordon has exhausted his state court remedies. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __15th__ day of __September__, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01520-BNB

Larry Gordon
Prisoner No. 53405
Limon Correctional Facility
49030 Colorado 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 15, 2011.

                                    GREGORY C. LANGHAM, CLERK

                       By: _____
                                  Deputy Clerk