FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 27 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01520-LTB

LARRY GORDON,

    Applicant,

v.

ANGEL MEDINA, Warden at Limon Facility, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN W. SUTHERS,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, Larry Gordon, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Motion of Objection/Rehearing," on September 23, 2011. The Court must construe the motion liberally because Mr. Gordon is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion of Objection/Rehearing," therefore, will be construed as a motion to reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Gordon filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The

Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). On consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Gordon fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Gordon initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 10, 2011. Pursuant to Magistrate Judge Boyd N. Boland's order, he filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 28, 2011. Mr. Gordon challenged the validity of his conviction in Case No. 92-CR-1523 in the District Court of Arapahoe County, Colorado.

In an order entered on August 1, 2011, Magistrate Judge Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 15, 2011, Respondents filed a Pre-Answer Response. Mr. Gordon submitted a Reply on August 31, 2011.

In the Pre-Answer Response, Respondents argued that the amended application was barred by the one-year limitation period in 28 U.S.C. § 2244(d). After reviewing the amended application, the Court agreed that the action was untimely. Specifically, the Court found that the judgment of conviction in Mr. Gordon's criminal case became final

2

on October 7, 1996, the date the United States Supreme Court denied certiorari review in his case. *See* 28 U.S.C. § 2244(d)(1)(A). The Court reviewed the post-conviction motions filed in Mr. Gordon's criminal case and determined that the one-year limitation period expired on March 14, 2001. Accordingly, the Court determined that the limitation period expired approximately nine years and two months prior to the filing of the application on June 10, 2011. Finally, the Court found that Mr. Gordon failed to assert any basis for equitable tolling. Therefore, the action was dismissed as untimely on September 15, 2011. Judgment also entered on September 15, 2011.

In the motion to reconsider, which is vague and confusing, Mr. Gordon does not appear to disagree with the Court's conclusion that his action was filed outside the one-year limitation period set forth in 28 U.S.C. § 2244(d). Instead, Mr. Gordon focuses on constitutional violations that allegedly occurred during his state court criminal trial.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See*

3

*Miller*, 141 F.3d at 978. Finally, Mr. Gordon bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

In the motion to reconsider, Mr. Gordon fails to demonstrate that circumstances beyond his control made it impossible to file the habeas corpus application on time. *See Miller*, 141 F.3d at 978. Therefore, the Court finds that Mr. Gordon has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion of Objection/Rehearing," filed on September 23, 2011, is denied.

DATED at Denver, Colorado, this  27th  day of   September  , 2011.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01520-BNB

Larry Gordon
Prisoner No. 53405
Limon Correctional Facility
49030 Colorado 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 27, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk